ORIGINAL

1  **DAVID G. BANES, ESQ.**
   **O'Connor Berman Dotts & Banes**
2  **Second Floor, Nauru Building**
   **P.O. Box 501969**
3  **Saipan, MP96950**
   **Telephone No. (670) 234-5684**
4  **Facsimile No. (670) 234-5683**

5  **Attorneys for Plaintiffs**
   **Kenneth C, Cochrane,**
6  **Eric P. Cochrane,**
   **and the minor child Achali K. Cochrane,**
7  **represented by Kenneth C. Cochrane**

8

F I L E D
Clerk
District Court

JUL 2 7 2005

For The Northern Mariana Islands
By_____
        (Deputy Clerk)

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN MARIANA ISLANDS

9

10

11 | **KENNETH C. COCHRANE, ERICA P.** | ) | **CIVIL CASE NO. 05-0013** |

**COCHRANE, and ACHALI K.**                )
12 **COCHRANE, a minor child represented by** )    **PLAINTIFFS' CASE MANAGEMENT**
   **Kenneth C. Cochrane,**                   )    **CONFERENCE STATEMENT**
13                                            )
              **Plaintiffs,**                 )    **Judge: Munson, Chief Judge**
14        **vs.**                             )    **Date:   September 7, 2005**
15 **FRANCISCO W. BORJA,**                    )    **Time:  8:30 a.m.**
                                              )
16            **Defendant.**                  )
   _____ )

17

18
       Plaintiffs, by and through counsel, and in accordance with Rule 16(b) and (c),
19
   Fed.R.Civ.Pro. and Local Rule 16(e)(2) hereby submits their Case Management Conference
20
   Statement.
21

22
                              **INTRODUCTION**
23
       This is a straight-forward personal injury resulting from a motor vehicle accident.
24
   Importantly, the Department of Public Safety concluded Mr. Borja was at fault.  Plaintiffs
25
   Kenneth and his child Achali received only minor injuries.  However each has a claim for loss
26
   of consortium.  Plaintiff Erica Cochrane was more seriously injured and is still recovering and
27
   being treated by Dr. Austin.
28

# CASE MANAGEMENT STATEMENT

(a)     Defendant Francisco W. Borja has been duly served.

(b)     Plaintiffs believes the Court has jurisdiction and the venue properly lies with this Court as well.

(c)     Plaintiffs believe this case should be assigned the Expedited Tract but allow each party to call expert witnesses and conduct discovery according to the limits set forth in the Standard Tract.

(d)     Plaintiffs anticipate they may file a Motion for Summary Judgment at the close of discovery.

(e)     Plaintiffs anticipate discovery will be necessary and requests that the parties be allowed the limit for discovery set forth in the Standard Tract.

(f)     Plaintiffs anticipate discovery can be accomplished within four months with a trial within six to nine months.

(g)     Plaintiff does not anticipate the need for any special procedures except this case should be readily resolvable. Plaintiffs therefore request a settlement conference within the month of September 2005 before litigation costs impede the possibility of settlement.

(h)     Plaintiffs request that the Expedited Tract be modified to allow discovery and the potential testimony experts as outlined above.

(i)     Plaintiffs are open to any reasonable settlement offer provided it truly is fair and made early enough to avoid expensive litigation costs.

(j)     This matter may be justly, efficiently and economically resolved if there is a settlement conference before litigation costs impede settlement prospects.

(k)     The Court should set dates convenient for the Court and all parties and as discussed in items (c), (e), (f) and (g).

Dated: July _26_ , 2005

O'CONNOR BERMAN DOTTS & BANES
Attorneys for Plaintiffs Kenneth C. Cochrane,
Erica P. Cochrane, and Achali K. Cochrane

By: _____
        DAVID G. BANES

3